Joseph Lavi, Esq. (State Bar No. 209776)
jlavi@lelawfirm.com
Leonard H. Sansanowicz, Esq. (State Bar No. 255729)
leonard@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

David M. deRubertis, State Bar No. 208709
David@deRubertisLaw.com
Maria Weitz, State Bar No. 268100
Maria@deRubertisLaw.com
**The deRubertis Law Firm, APC**
4219 Coldwater Canyon Avenue
Studio City, California 91604
Telephone:  (818) 761-2322
Facsimile:  (818) 761-2323

Attorneys for PLAINTIFF Jose Romero,
on behalf of himself and other members
of the general public similarly-situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROMERO, on behalf of himself and other members of the general public similarly-situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALTA-DENA CERTIFIED DAIRY, LLC; ALTA-DENA DAIRY, INC.; ALTA-DENA CERTIFIED DAIRY, INC.; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.: CV13-04846 R (FFMx)<br><br>**CLASS ACTION**<br><br>**JOINT REPORT OF EARLY MEETING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)** |

In accordance with Local Rule 26-1, Federal Rule of Civil Procedure 26(f), Plaintiff Jose Romero ("Plaintiff") and Alta-Dena Certified Dairy, LLC ("Defendant") submits the following Joint Report of Early Meeting pursuant to Federal Rules of Civil Procedure, Rule 26(f).

**JOINT REPORT OF EARLY MEETING**

**1**

On August 26, 2013, counsel for Plaintiff conferred with counsel for Defendant and discussed the matters required by Federal Rules of Civil Procedure, Rule 26(f) and Local Rule 26-1.

    a.    **STATEMENT OF THE CASE:**

**Plaintiff's Contentions:** Plaintiff Jose Romero brings this action on behalf of himself and other members of the general public similarly-situated. The named Plaintiff, and the class of persons on whose behalf this action is filed, are current, former and/or future employees of Defendants who worked as non-exempt hourly employees in a position other than "driver." Defendants are dairy processors and distributors of milk and other dairy-based products in the continental United States, which serves customers throughout California and 47 other states.

First, Plaintiff alleges Defendants failed to use a weighted average method in calculating overtime rates. Defendant, paid Plaintiff and Class Members two rates of pay for hours worked during a regular shif. Plaintiff and Class Members regularly worked twelve (12) to (14) hours per day and received overtime rates based on the lower of the two rates of pay.

Second, Plaintiff alleges unlawful "time-shaving" leading to minimum and overtime violations. Defendants' time-keeping system was programmed so that the time-keeping system did not pay the employees for all hours worked. Plaintiff and Class Members were required to arrive to work and clock-in at least five minutes before their scheduled shift start time. Defendants only paid Plaintiff and Class Members based on the shift-start time rather than the clock-in time. In doing so, Defendants deprived Plaintiff and Class Members of minimum wage for all hours worked and failed to pay overtime.

Third, Plaintiff alleges Defendants failed to include the non-discretionary Attendance Bonuses in determining regular rate of pay.

Fourth, Plaintiff alleges Defendants denied Plaintiff and Class members a second duty-free meal period when employees worked in excess of 10 hours in a workday.

Fifth, based on the above failures to pay employees all wages earned, Defendants failed to timely pay Plaintiff and Class Members who were terminated and/or resigned all wages after separation of employment and violated California Business & Professions Code section 17200.

**Defendant's Contentions**:

Alta-Dena denies Plaintiff's allegations and denies that Plaintiff is entitled to relief of any kind on the merits. In addition, Plaintiff's claims should be dismissed because his First Amended Complaint fails to plead any specific factual allegations plausibly giving rise to any claim for relief as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In addition, his First Amended Complaint should be dismissed because he has named three defendants in his lawsuit, but does not differentiate between them in his allegations, thus failing to put any defendant on notice of the allegations against them, and because his weighted-average overtime claim is time barred because Plaintiff has alleged that he did not work *different* jobs in the same week within the relevant statute of limitations period. These points are further set out in Alta-Dena's motion to dismiss.

In addition, Plaintiff cannot succeed in obtaining certification of the class for numerous reasons, including, amongst other things, adequacy, typicality, and because individualized questions predominate and Plaintiff's claims are not susceptible to class-wide proof.

**b.** **SUBJECT MATTER JURISDICTION:** Defendant has removed this action pursuant to the Class Action Fairness Act ("CAFA") 28 U.S.C §1332(d).

**c.** **LEGAL/FACTUAL ISSUES:**

Plaintiff claims that the common questions of law and fact in this case include:

1. Whether Defendants unlawfully failed to use the weighted average method to determine the regular rate of pay;

2. Whether Defendants' practice of "time shaving" violated California law because it resulted in a failure to pay for all hours worked;

3. Whether Defendants unlawfully failed to include all non-discretionary bonuses earned by the employee during the pay period in calculating regular rate of pay;

4. Whether Defendants unlawfully failed to provide a second duty-free meal period when employees worked in excess of ten (10) hours in a workday;

5. Whether Defendants failed to pay all wages due on termination or resignation of employees; and

6. Whether Defendants violated Business & Professions Code section 17200 through the above-described wage and hour practices.

Defendant disputes Plaintiff's claim of commonality and these and other issues will be addressed in class certification briefing.

**d.   PARTIES:**

1. Plaintiff is Jose Romero

2. Defendants are Alta-Dena Certified Dairy, LLC; Alta-Dena Dairy, Inc; and Alta-Dena Certified Dairy, Inc.

**e.   DAMAGES:** Plaintiff contends that he seeks unpaid wages, penalties and injunctive relief. Plaintiff also contends that he seeks fees and costs, which he states cannot be computed at this time as litigation is ongoing. Defendant denies that Plaintiff or the putative class members have been damaged or are otherwise entitled to any damages. .

**f.   INSURANCE**: There is no applicable insurance.

**g.** **MOTIONS**: Plaintiff intends to file a motion for class certification. On September 3, 2013, Defendant filed a motion to dismiss the First Amended Complaint, for a hearing on October 7, 2013. Defendant reserves the right to file a motion to deny class certification and intends to file a motion for summary judgment.

**h.** **MANUAL FOR COMPLEX LITIGATION**: There are no issues which should necessitate the use of the manual for complex litigation.

**i.** **STATUS OF DISCOVERY**: The parties have not yet exchanged initial disclosures. The Parties agree to exchange initial disclosures on or before September 27, 2013. The Parties have also agreed to exchange search terms for discovery of electronically stored information.

The parties have also stipulated that attorney-client communications made after the initiation of this lawsuit do not need to be included in the parties' privilege logs. Regarding depositions, the parties agreed that all objections to the form of questions will be preserved and deposition exhibits will be sequentially numbered from deposition to deposition. The parties have also agreed to accept service of all documents, pleadings, and discovery by e-mail, which shall be treated as hand-delivery service.

**j.** **DISCOVERY PLAN**:

1. **Plaintiff's discovery**:
    i. Request for Production of Documents
        1. Documents related to Plaintiff's hours and compensation during his employment;
        2. Policies and procedures regarding calculating the regular rate of pay and using two rates of pay for hours worked during a regular shift;
        3. Policies and procedures regarding calculating the overtime rate of pay;

    4. Policies and procedures regarding clock-in and out procedures;

    5. Policies and procedures regarding the Attendance Bonus and other non-discretionary bonuses;

    6. Policies and procedures regarding second meal periods and/or payment of meal period premium wages; and

    7. Policies and procedures regarding payment of final wages.

  ii. Interrogatories

    1. Explanations regarding Defendants' policies and procedures regarding calculating the regular rate of pay and using two rates of pay for hours worked during a regular shift;

    2. Explanations regarding Defendants' policies and procedures regarding calculating the overtime rate of pay;

    3. Explanations regarding Defendants' policies and procedures regarding clock-in and out;

    4. Explanations regarding Defendants' policies and procedures regarding the Attendance Bonus and other non-discretionary bonuses;

    5. Explanations regarding Defendants' policies and procedures regarding second meal periods and/or payment of meal period premium wages; and

    6. Names and addresses of the putative class members during the class period.

  iii. Depositions: The identities of these persons are subject to change as written discovery is provided by the parties.

    1. Person Most Qualified re: Defendants' policies and procedures regarding calculating the regular rate of pay and

**JOINT REPORT OF EARLY MEETING**

6

using two rates of pay for hours worked during a regular shift;

2. Person Most Qualified re: Defendants' policies and procedures regarding calculating the overtime rate of pay;

3. Person Most Qualified re: Defendants' policies and procedures regarding clock-in and out;

4. Person Most Qualified re: Defendants' policies and procedures regarding calculating worked hours;

5. Person Most Qualified re: Defendants' policies and procedures regarding the Attendance Bonus and other non-discretionary bonuses;

6. Person Most Qualified re: Defendants' policies and procedures regarding second meal periods and/or payment of meal period premium wages;

**2.     Defendants' discovery:**

   i.   Written Discovery – Alta-Dena may request written discovery relating to, among other topics, Mr. Romero's allegations, theories and evidence of liability, theories and evidence supporting class certification, damages, employment, disciplinary actions and reasons for termination, understanding of the policies at issue in the suit, and adequacy as a class representative.

   ii.  Depositions

        1.   Mr. Romero.

        2.   Alta-Dena may take the depositions of Plaintiff's Rule 26 witnesses.

    **k.**    **DISCOVERY CUT-OFF**: Plaintiff does not believe that discovery needs to be conducted in phases or be limited to or focused upon particular issues.

    The Parties do not believe that any changes should be made in the limitations on discovery under the federal or local rules, nor should any other limitations be imposed.

    The Parties propose a schedule , as set out in the Proposed Schedule attached as Exhibit 1.

    **l.**    **EXPERT DISCOVERY**:

    Any party who files a motion for class certification or a motion to deny class certification that includes reports or opinions from expert witnesses must, simultaneously, produce all underlying facts or data that such experts relied upon in forming their opinions. The party must also make such expert witnesses available promptly for depositions, which the opposing party may take during the window before its briefs are due.  A party's delay in making its expert witnesses available for depositions constitutes good cause to continue the deadline for the other party's responsive brief.

    **m.**    **DISPOSITIVE MOTIONS**: Defendant anticipates narrowing the issues by filing a motion for summary judgment or motion for summary adjudication at the appropriate time.

    **n.**    **SETTLEMENT/ADR**: The Parties have not engaged in any significant settlement discussions in connection with this matter.  The Parties are willing to participate in private mediation pursuant to ADR Procedure No. 3, C.D. Cal. L. R. 16-15.4.

    **o.**    **TRIAL ESTIMATE**: Plaintiff has demanded a jury trial. The Parties believe that three weeks will be required for trial and propose that the trial commence on March 16, 2015  or as soon thereafter the Court's calendar will permit.

    **s.**    **OTHER ISSUES:** The Parties may encounter disputes regarding the

early identification of class members and of the scope of electronically-stored information.

Dated:  September  25, 2013        Respectfully submitted,

**THE DERUBERTIS LAW FIRM, APC**

By:  /s/Maria L. Weitz
    David M. deRubertis, Esq.
    Maria L. Weitz, Esq.
    Attorneys for PLAINTIFF
    JOSE ROMERO

Dated: September 25, 2013         Respectfully submitted,
**SUSMAN GODFREY L.L.P.**

By:  /s/Steven G. Sklaver
    Marc M. Seltzer
    Kathryn P. Hoek
    Steven G. Sklaver
    Genevieve V. Wallace
    Amanda Bonn
    Attorneys for DEFENDANT
    Alta-Dena Certified Dairy, LLC

# **Exhibit 1**

| **CLASS CERTIFICATION BRIEFING** | |
|---|---|
| Plaintiff's Motion for Class Certification | October 24, 2013 |
| Opposition | November 25, 2013 |
| Reply | December 16, 2013 |
| Class Certification Hearing | January 21, 2013 |
| **FACT DISCOVERY CUT-OFF** | |
| Close of Fact Discovery | August 29, 2014 |
| **EXPERTS NEEDED FOR TRIAL** | |
| Initial Disclosures and Reports | September 29, 2014 |
| Rebuttal Reports | October 29, 2014 |
| Close of Expert Discovery | November 24, 2014 |
| **DISPOSITIVE MOTIONS** | |
| Dispositive Motion Cut-Off | December 15, 2014 |
| **PRE-TRIAL AND TRIAL DEADLINES** | |
| Deadline for Participation in ADR | January 5, 2015 |
| Final Pre-trial Conference | March 9, 2015 |
| Trial | March 16, 2015 |

**JOINT REPORT OF EARLY MEETING**

10