Joseph Lavi, Esq. (State Bar No. 209776)
jlavi@lelawfirm.com
Leonard H. Sansanowicz, Esq. (State Bar No. 255729)
leonard@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California  90211
Telephone:   (310) 432-0000
Facsimile:   (310) 432-0001

David M. deRubertis, State Bar No. 208709
David@deRubertisLaw.com
Maria Weitz, State Bar No. 268100
Maria@deRubertisLaw.com
**The deRubertis Law Firm, APC**
4219 Coldwater Canyon Avenue
Studio City, California  91604
Telephone:   (818) 761-2322
Facsimile:   (818) 761-2323

Attorneys for PLAINTIFF Jose Romero,
on behalf of himself and other members
of the general public similarly-situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROMERO, on behalf of himself and other members of the general public similarly-situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>ALTA-DENA   CERTIFIED   DAIRY, LLC;   ALTA-DENA   DAIRY,   INC.; ALTA-DENA   CERTIFIED   DAIRY, INC.;   and   DOES   1   through   100, inclusive,<br><br>          Defendants. | Case No.: CV13-04846 R (FFMx)<br>Hon. Manuel L. Real<br><br>**CLASS ACTION**<br><br>**PARTIES JOINT EX PARTE APPLICATION AND STIPULATION TO CONTINUE CLASS CERTIFICATION MOTION FILING DEADLINE** |

PLEASE TAKE NOTICE that Plaintiff Jose Romero ("Plaintiff") and Defendant Alta-Dena Certified Dairy, LLC ("Defendant") (collectively the "Parties") hereby jointly apply to this Court *ex parte* for approval of the Parties' Joint Stipulation to Continue Class Certification Motion Filing Deadline, submitted concurrently herewith as Exhibit A.

Plaintiff submits that good cause exists to grant the Parties' Joint *Ex Parte* Application because Plaintiff, despite exercising due diligence, has been unable to secure a date for the deposition of Defendant's Rule 30(b)(6) witness regarding Defendant's payroll rounding practices, auto deduction of 30 minutes of meal breaks, and—to the extent such topics relate to the topic of rounding—the calculation of worked hours and  the calculation of regular and overtime hours.

Plaintiff submits that the facts surrounding the application of Defendant's payroll rounding practices, calculation of worked hours, calculation of regular and overtime hours are key to Plaintiff's class certification arguments and certification of its causes of action.

Plaintiff submits that throughout the month of September, Plaintiff tried to schedule the depositions of the Defendant under Rule 30(b)(6) to testify on behalf of the Defendant in advance of the deadline for the Motion for Class Certification.  Defendant objected to the necessity of such depositions before a class was certified, but agreed to designate and produce witnesses for deposition on October 28, 2013 and October 30, 2013.

Plaintiff submits that Genoveva Alfaro, the witness produced pursuant to Rule 30(b)(6) on October 30, 2013 to testify to Defendant's payroll rounding practices, calculation of worked hours, calculation of regular and overtime hours, testified that she in fact did not have knowledge to testify to whether and how Defendant's employees' time punches have been rounded during the class period, or how the worked hours were calculated or how the class members were compensated during the class period.

Defendant disagrees with the Plaintiff's characterization of Ms. Alfaro's testimony.

The Parties met and conferred during the deposition and Defendant agreed to offer an additional witness pursuant to Rule 30(b)(6) to testify on the topic of the payroll rounding practices, auto deduction of 30 minutes of meal breaks, and—to the extent such topics relate to the topic of rounding—the calculation of worked hours and the calculation of regular and overtime hours. Plaintiff's counsel followed up with Defendant's counsel on November 1, November 4, and November 5 requesting a deposition date for the witness. To date, Defendant has not been able to identify the witness thus has been unable to provide a date for the deposition.  On November 5 and November 6, Defendant offered to provide the Plaintiff by November 8, 2013, the same information Plaintiff seeks through the requested deposition from appropriately framed interrogatories, but Plaintiff rejected Defendant's offer.

Accordingly, the Parties respectfully request that Plaintiff's deadline to file a Motion for Class Certification be extended to two (2) weeks after completion of the deposition of Defendant's designated Rule 30(b)(6) witness on the issue of payroll rounding practices, auto deduction of 30 minutes of meal breaks, and—to the extent such topics relate to the topic of rounding—the calculation of worked hours and the calculation of regular and overtime hours. Alternatively, the Parties request the Court extend Plaintiff's deadline by four (4) weeks.

Plaintiff contends that he will be duly prejudiced in the event the class certification motion filing deadline is not continued.  Plaintiff states that he has done everything to timely schedule the depositions in order to file his Motion for Class Certification, but unfortunately it hasn't happened. Defendant does not agree with Plaintiff's claim of prejudice but also does not oppose the relief requested herein.

This Application is based upon this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Joseph Lavi, the pleadings, documents and records on file herein, and upon all such other and further evidence, both oral and

documentary, as may be presented at any hearing held on this Application.

Dated: November 7, 2013                Respectfully submitted,

                                       **LAVI & EBRAHIMIAN, LLP**


                                       By: _____/S/_____
                                           Joseph Lavi, Esq.
                                           Leonard H. Sansanowicz, Esq.
                                           Attorneys for PLAINTIFF
                                           JOSE ROMERO


Dated: November 7, 2013                Respectfully submitted,
                                       **SUSMAN GODFREY L.L.P.**

                                       By: _____/S/_____
                                           Steven G. Sklaver
                                           Attorneys for DEFENDANT
                                           Alta-Dena Certified Dairy, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff's deadline for filing a Motion for Class Certification is currently scheduled for November 12, 2013. Plaintiff maintains that good cause exists to grant the Parties' current request to extend Plaintiff's deadline because the witness designated to offer testimony under Rule 30(b)(6) testified at her October 30, 2013 deposition that she could not testify regarding Defendant's payroll rounding practices, auto deduction of 30 minutes of meal breaks, and—to the extent such topics relate to the topic of rounding—the calculation of worked hours and the calculation of regular and overtime hours. Although Defendant objects to the relevance of this testimony before a class is certified and the Plaintiff's characterization of the witness's testimony, Defendant agreed to produce another witness under Rule 30(b)(6) on the topic of Defendant's payroll rounding practices, auto deduction of 30 minutes of meal breaks, and—to the extent such topics relate to the topic of rounding—the calculation of worked hours and the calculation of regular and overtime hours. To date Defendant has not been able to identify such witness. Defendant offered to provide the Plaintiff by November 8, 2013, the same information Plaintiff seeks through the requested deposition from appropriately framed interrogatories, but Plaintiff rejected Defendant's offer.

Plaintiff contends that he will not be able to file his Motion for Class Certification without the depositions of the Rule 30(b)(6) witness designated to testify regarding Defendant's actual payroll rounding practices, auto deduction of 30 minutes of meal breaks, and—to the extent such topics relate to the topic of rounding—the calculation of worked hours and the calculation of regular and overtime hours during the class period, and will be duly prejudiced if the Motion for Class Certification deadline is not continued. Defendant does not agree with Plaintiff's contention in the preceding sentence but also does not oppose the relief requested herein.

The Parties are mindful that extensions are only granted for good cause, however,

the circumstances identified above are truly extenuating and present a compelling need for a further continuance.

## II.   FACTUAL BACKGROUND AND ARGUMENT

Plaintiff maintains that he has exercised due diligence in pursuing pre-certification discovery regarding Defendant's class-wide payroll rounding practices, calculation of worked hours, calculation of regular and overtime hours during the class period. Throughout the month of September, Plaintiff tried to schedule the depositions of witnesses designated to testify on behalf of the Defendant in advance of the deadline for the Motion for Class Certification.  Defendant agreed to produce its designated witnesses for deposition on October 28, 2013 and October 30, 2013.

However, Plaintiff maintains that the witness designated to testify pursuant to Rule 30(b)(6)on October 30, 2013 on the topic of Defendant's payroll rounding practices, calculation of worked hours, calculation of regular and overtime hours during the class period testified that she did not have knowledge to testify to Defendant's payroll rounding practices, auto deduction of 30 minutes of meal breaks, and—to the extent such topics relate to the topic of rounding—the calculation of worked hours and calculation of regular and overtime hours during the class period.

The Parties met and conferred during the deposition and Defendant agreed to produce an additional witness pursuant to Rule 30(b)(6) to testify to the issue of Defendant's payroll rounding practices, auto deduction of 30 minutes of meal breaks, and—to the extent such topics relate to the topic of rounding—the calculation of worked hours and the calculation of regular and overtime hours. Plaintiff's counsel followed up with Defendant's counsel on November 1, November 4, and November 5 requesting a deposition date for the witness. To date, Defendant has been unable to identify an additional witness and therefore has not been able to provide a date when it will designate a witness to testify to the facts surrounding Defendant's payroll rounding practices, auto deduction of 30 minutes of meal breaks, and—to the extent such topics

relate to the topic of rounding—the calculation of worked hours, calculation of regular and overtime hours. On November 5 and November 6, Defendant offered to provide the Plaintiff the same information Plaintiff seeks through the requested deposition from appropriately framed interrogatories by November 8, 2013, but Plaintiff rejected Defendant's offer.

As such, the Parties' immediately filed this ex parte asking the Court to continue the class certification filing deadline to two (2) weeks after the completion of the deposition of the designated witness regarding Defendant's payroll rounding practices, auto deduction of 30 minutes of meal breaks, and—to the extent such topics relate to the topic of rounding—the calculation of worked hours and the calculation of regular and overtime hours during the class period.

Good cause also exists for the current application because Plaintiff contends that he will not be able to file his Motion for Class Certification without the deposition and will be duly prejudiced. Defendant does not agree with the preceding sentence but also does not oppose Plaintiff's request. The Parties are jointly seeking Court Order to continue the deadline to two (2) weeks following completion of the deposition of Defendant's designated witness regarding Defendant's rounding practices. Alternatively, the Parties request the Court continue the deadline by four (4) weeks, from November 12, 2013, to December 12, 2013.

## III.   CONCLUSION

Based upon the foregoing, the Parties respectfully request an Order approving the Parties' joint stipulation to continue deadline to two (2) weeks following completion of the deposition of Defendant's designated witness regarding Defendant's rounding practices. Alternatively, the Parties request the Court continue the deadline by four (4) weeks, from November 12, 2013, to December 12, 2013.

/ / /

Dated:  November 7, 2013

Respectfully submitted,

**LAVI & EBRAHIMIAN, LLP**

By: _____/S/_____
      Joseph Lavi, Esq.
      Leonard H. Sansanowicz, Esq.
      Attorneys for PLAINTIFF
      JOSE ROMERO

Dated: November 7, 2013

Respectfully submitted,
**SUSMAN GODFREY L.L.P.**

By: _____/S/_____
      Steven G. Sklaver
      Attorney for DEFENDANT
      Alta-Dena Certified Dairy, LLC